**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHERYL CUMMINGS, | : | |
| Plaintiff, | : | |
| | : | No. 5:25-cv-4874 |
| v. | : | |
| | : | |
| CUSTOM WOODWORKING CABINETRY AND | : | |
| DESIGN, LLC; FISHER COMPANIES, INC.; J. | : | |
| HERBERT FISHER, JR.; CWCD HOLDINGS, | : | |
| LLC, | : | |
| Defendants. | : | |

**O P I N I O N**
**Motion to Dismiss, ECF No. 8 – Granted in part**

**Joseph F. Leeson, Jr.**                                                 **March 30, 2026**
**United States District Judge**

## I.      INTRODUCTION

Plaintiff Cheryl Cummings filed a Complaint alleging that Defendants, Custom

Woodworking Cabinetry and Design, LLC, Fisher Companies, Inc., J. Herbert Fisher, Jr., and

CWCD Holdings, LLC discriminated against, disparately treated, and retaliated against her on

the basis of her gender, leading to her constructive discharge. Now pending is Defendants'

Motion to Dismiss the discrimination, hostile work environment, and retaliation claims in Counts

One, Two, and Three for failure to state a claim. For the reasons set forth below, the Motion to

Dismiss is granted in part and Counts One, Two, and Three of the Complaint are dismissed

without prejudice.

II.     **BACKGROUND**

  A.  **Factual Background**

Cummings was a salesperson for Defendants from January 2016 to February 6, 2023. *See* Compl. ¶ 10, ECF No. 1. Cummings was the only female salesperson and was supervised by all male employees. *See id.* ¶ 11. Defendants paid Cummings on a commission basis, which was ten percent (10%) of all sales. *See id.* ¶ 12. Beginning in 2021, Cummings received an additional eight percent (8%) commission rate on gross sales of the Century Cabinet product line. *See id.* ¶ 13. Cummings was entitled to reimbursement for business-related expenses including "mileage, tolls, parking, and cell[]phone bills." *Id.* ¶ 14. Cummings and Defendants had no written agreements regarding the commission plan and expense reimbursement payment but allegedly entered verbal agreements and contracts. *See id.* ¶ 15. Defendants paid the commissions at random, "with no set regular payday, schedule, or time frame." *Id.* ¶ 16.

Cummings stopped working for Defendants on February 6, 2023, which she alleges was due to constructive discharge. *See id.* ¶ 26. Defendants have not paid either her "unpaid commissions," or her "unpaid expenses," worth $76,148.45, and $25,299.42, respectively. *Id.* ¶¶ 26–27, 30–32. Cummings negotiated with Defendants about the unpaid commissions and expenses through October 2023. *See id.* ¶ 29. Cummings filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and Pennsylvania Human Relations Commission (PHRC) and received a Notice of Right to Sue. *See id.* ¶ 9.

Cummings brings five counts in her Complaint:

1.  Count One: Hostile Work Environment, Discrimination, and Disparate Treatment under Title VII of the federal Civil Rights Act, 42 U.S.C. § 2000e-2.
2.  Count Two: Retaliation under Title VII of the federal Civil Rights Act, 42 U.S.C. § 2000e-2.

3. Count Three: Harassment, Discrimination, and Retaliation under the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951-63.
4. Count Four: Non-payment of wages under the Pennsylvania Wage Payment & Collection Law, 43 P.S. § 260.1.
5. Count Five: Breach of Contract and Unjust Enrichment.

**B. Procedural History**

Cummings filed her Complaint on August 26, 2025. *See* Compl., ECF No. 1. She alleges that Defendants discriminated against her "in relation to similarly situated male salespersons[.]" *Id.* ¶ 18. She claims that Defendants' employees "disparately treated" her regarding: "(a) commission pay; (b) denial and rejection of valid expense reimbursement; (c) amenities and benefits of employment; (d) vacation and sick time; (e) unduly and unnecessarily harsh discipline; (f) denial of bonuses; and (g) constructive discharge." *Id.* ¶ 19. She argues that Defendants' employees made discriminatory statements regarding her gender, work habits, lifestyle, and conduct, which "had the intent or effect of creating a hostile work environment." *Id.* ¶ 20. She alleges that Defendants' employees mistreated her clients, contractors, associates, and affiliates, "in an effort to undermine and discriminate against Plaintiff[.]" *Id.* ¶ 21. She alleges that she complained both verbally and in writing "of wrongful treatment and discriminatory treatment, including the disparate treatment between [her] and similarly situated male salespersons." *Id.* ¶¶ 22, 46. She contends that, following her complaints, "Defendants['] mistreatment became worse and more frequent." *Id.* ¶ 23. Furthermore, she alleges that Defendants "used and/or considered [her] complaint" to make [her] work more difficult, harassing, refus[ed] to uphold agreements and contracts, and other wrongful treatment." *Id.* ¶ 47.

On October 14, 2025, Defendants filed this Motion to Dismiss Counts One, Two, and Three, which also seeks to dismiss Counts Four and Five on jurisdictional grounds, *see* Mot., ECF No. 8. Cummings filed a Response on October 27, 2025. *See* Resp., ECF No. 13. In the

response, Cummings alleges that she also pleads retaliatory harassment. *See id.* at 11. Defendants filed a Reply on November 3, 2025. *See* Reply, ECF No. 14.

## III.    LEGAL STANDARDS

### A.  Motion to Dismiss for Failure to State a Claim – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322

(2007) (holding that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "a document integral to or explicitly relied upon in the complaint may be considered" (internal quotations omitted)). Courts may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### B. Constructive Discharge – Review of Applicable Law

To bring a successful claim of constructive discharge, a plaintiff must show that the employer made working conditions "so unpleasant or intolerable that a reasonable person in the employee's shoes would resign." *Rosh v. Gold Standard Café at Penn, Inc.*, No. 16-1676, 2016 WL 7375014, at *5 (E.D. Pa. Dec. 19, 2016) (internal quotation marks and citation omitted). The plaintiff does not need to show that the employer intended for him to resign, only that it "knowingly permitted the unpleasant or intolerable discrimination." *Id.* When a plaintiff's claim of constructive discharge is based on an alleged hostile work environment, the "hostile work environment is a necessary predicate to a hostile-environment constructive discharge case." *Pa. State Police v. Suders*, 542 U.S. 129, 149 (2004).

### C. Discrimination under Title VII – Review of Applicable Law

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448–49 (3d Cir. 2015). Disparate treatment claims brought under Title VII are analyzed using the three-step

framework of *McDonnell Douglas Corp. v. Green*. *See* 411 U.S. 792 (1973). *See Rabinowitz v. AmeriGas Partners, L.P.*, 252 F. App'x 524, 527 (3d Cir. 2007). "Under the *McDonnell Douglas* paradigm, an employee must first establish a prima facie case of discrimination, after which the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision." *Fasold v. Justice*, 409 F.3d 178, 184 (3d Cir. 2005). The Third Circuit Court of Appeals has "defined 'an adverse employment action' under Title VII as an action by an employer that is 'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (quoting *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001)). "If the employer articulates one or more such reasons, the aggrieved employee must then proffer evidence that is sufficient to allow a reasonable finder of fact to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual." *Fasold*, 409 F.3d at 184. "It is important to note that although the 'burden of production' may shift during the *McDonnell Douglas* inquiry, the 'ultimate burden of persuading the trier of fact that the [employer] intentionally discriminated against the [employee] remains at all times with the [employee].'" *Id.* (citing *Williams v. Phila. Hous. Auth. Police Dep't,* 380 F.3d 751, 759 n.3 (3d Cir. 2004)); *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993) (explaining that once the plaintiff establishes a prima facie case, the law creates a "presumption" of unlawful discrimination, which is rebutted if the employer articulates a legitimate nondiscriminatory explanation for the employer's action, but the "presumption does not shift the burden of proof, and ignores our repeated admonition that the Title VII plaintiff at all times bears the ultimate burden of persuasion").

To establish a prima facie case of employment discrimination, a plaintiff must show that:

(1) he is a member of a protected class;
(2) he was qualified for the position in question;

(3) he suffered an adverse employment action; and
(4) the adverse action occurred under circumstances giving rise to an inference of discrimination.

*McDonnell Douglas Corp.*, 411 U.S. at 802; *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). "The central focus in a discrimination case is "whether the employer is treating 'some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15. (1977)).

### D.  Hostile Work Environment under Title VII – Review of Applicable Law

To establish a hostile work environment claim, the plaintiff must show:

(1) he suffered intentional discrimination because of his national origin, race, or age;
(2) the discrimination was pervasive and regular;
(3) it detrimentally affected him;
(4) it would have detrimentally affected a reasonable person of the same protected class in his position; and
(5) there is a basis for vicarious liability.

*Massey*, 269 F.3d at 260; *Tate v. Main Line Hosps., Inc.*, No. 03-6081, 2005 U.S. Dist. LEXIS 1814, at *60-61 (E.D. Pa. Feb. 8, 2005). In deciding whether an environment is "hostile," the court may consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993). Title VII "does not reach the ordinary tribulations of the workplace, for example, sporadic use of abusive language or generally boorish conduct." *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013) (internal quotations omitted). "'[O]ffhanded comments and isolated incidents (unless extremely serious)' are not sufficient to sustain a hostile work environment claim." *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005). The "standards for judging

hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). A plaintiff claiming a hostile work environment based on regular and pervasive harassment must likewise establish that any harassment was due to her membership in a protected class or protected activity. *See Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (per curiam) (citing *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)).

### E.  Retaliation under Title VII – Review of Applicable Law

To establish a prima facie case of retaliation under Title VII, the ADA, and/or the PHRA, "a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected  activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997); *Boykins v. SEPTA*, No. 17-1980, 2018 WL 460652, at *2, *6 (3d Cir. 2018) (analyzing claims under Title VII and the PHRA the same).

Pursuant to the first element, a report to a superior may constitute protected activity where discrimination is specifically alleged in the verbal or written report. *LeBlanc v. Hill Sch.*, No. 14-1675, 2015 WL 144135, at *14 (E.D. Pa. Jan. 12, 2015) (citing *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995)); *see also Moore v. City of Phila.*, 461 F.3d 331, 341 (3d Cir. 2006) (stating that the employee must have a good faith, reasonable belief that the activity complained of is unlawful (citing *Clark Cnty v. Breeden*, 532 U.S. 268, 271 (2001))).

As to the second element, a plaintiff must show that "a reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Moore*, 461 F.3d at 341 (citing *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).  "Under

the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes. . . . The inquiry is objective: Did working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign?" *Suders*, 542 U.S. at 141.

Under the third element, a plaintiff must show a causal connection between the protected activity and the retaliatory act. *Moore,* 461 F.3d at 341–42. In determining causation, courts often look to the "temporal proximity between the protected activity and the alleged discrimination" and "the existence of a pattern of antagonism in the intervening period." *Jensen v. Potter*, 435 F.3d 444, 450 (3d Cir. 2006) (citing *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001)) (internal quotation marks omitted), *overruled on other grounds by Burlington Northern*, 548 U.S. 53. Since there is no single, definite way of showing causation, the court must look at the evidence "as a whole" to determine if retaliation has been sufficiently pled. *See Jensen*, 435 F3d at 450 (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280–81 (3d Cir. 2000)). However, "for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016) (explaining that "a prima facie case is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim" (internal quotations and citations omitted)). "Instead of requiring a prima facie case, the post-*Twombly* pleading standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Connelly*, 809 F.3d at 789 (internal quotations and citations omitted).

### F. Pennsylvania Human Relations Act

Title VII and the Pennsylvania Human Rights Act (PHRA) both "make it illegal for an employer to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment on the basis of sex." *Summy-Long v. Pa. State Univ.*, 226 F. Supp. 3d 371, 411 (M.D. Pa. 2016), *aff'd*, 715 F. App'x 179 (3d Cir. 2017) (citation omitted) "The two acts are substantially similar, and Pennsylvania courts generally interpret the PHRA consistent with Title VII." *Id.* "The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably." *Summy-Long*, 226 F. Supp. 3d at 411 (citing *Weston v. Commw. of Pa*, 251 F.3d 420, 425 n. 3 (3d Cir. 2001)).

### G. Supplemental Jurisdiction — 28 U.S.C. § 1367(c)(3) – Review of Applicable Law

Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim ... if ... [it] has dismissed all claims over which it has original jurisdiction." "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). In deciding whether to exercise supplemental jurisdiction, the district courts should consider factors such as judicial economy, convenience, and fairness to litigants. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if these [factors] are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them"). The United States Supreme Court has further advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.*

IV.    ANALYSIS

A.  Group Pleading

Cummings alleges that she worked for "Defendants" collectively. Compl. ¶ 10. She alleges that each corporate Defendant was her employer. *See id.* ¶¶ 2–6. Federal Rule of Civil Procedure "8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 916 (E.D. Pa. 2019) (citing Fed. R. Civ. P. 8); *see also Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014); *Taylor v. Northampton Cnty.*, No. 24-1411, 2025 WL 1577824, at *7 (E.D. Pa. June 4, 2025) (dismissing a discrimination claim because the allegations were made against the defendants collectively). Cummings does not state which of the three corporate Defendants she worked for but states that all three corporate Defendants were her employer. Cummings does not allege which named Defendant(s) undertook what actions and when. Without knowing what each Defendant did, Defendants are not on notice of their individual conduct. The Complaint fails to comply with Rule 8. The Court addresses the Complaint's additional deficiencies below.

B.  Discrimination under Title VII

Counts One and Three, which allege discrimination claims under both Title VII and the PHRA, fail to satisfy federal pleading requirements for discrimination. Cummings brings her discrimination claim under a disparate treatment theory, which is one of the two theories of Title VII discrimination. "In bringing a Title VII sex-discrimination claim, two different theories of liability are available to the plaintiff: disparate treatment and disparate impact." *Healey v. Southwood Psych. Hosp.*, 78 F.3d 128, 131 (3d Cir. 1996). Yet, Cummings fails to plead facts to

support two elements of a discrimination claim: an adverse employment action, and a causal nexus between the adverse employment action and her gender.

First, Cummings must assert that she is a member of a protected class under Title VII. *See McDonnell Douglas Corp.*, 411 U.S. at 802. The Supreme Court of the United States has explained that "the impetus for Title VII's prohibition of sex discrimination was to protect women." *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 717 (2020) (Alito, J., dissenting). Courts have consistently held that being a woman qualifies someone as a member of a protected class. *See Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006). Cummings is a woman alleging discrimination.

Second, Cummings must allege that she was qualified for the position. *See McDonnell Douglas Corp.*, 411 U.S. at 802. Cummings pleads that she worked as a salesperson for Defendants for seven years, which is sufficient to create a reasonable inference that she was qualified for the position.

Third, Cummings alleges that she suffered three adverse employment actions: disparate treatment, constructive discharge, and Defendants' employees mistreatment of her clients "in an effort to undermine and discriminate against Plaintiff[.]" Compl. ¶¶ 19, 21. "An adverse employment action is an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Henley v. Brandywine Hosp., LLC*, No. 18-4520, 2019 WL 3326041, at *9 (E.D. Pa. July 24, 2019). Initially, all of her allegations of adverse employment actions are conclusory, which is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 (holding that conclusory allegations are insufficient to state a claim). Cummings also fails to plead facts sufficient to allege the adverse employment actions.

For her first adverse employment action, Cummings alleges that Defendants' employees "disparately treated" her regarding: "(a) commission pay; (b) denial and rejection of valid expense reimbursement; (c) amenities and benefits of employment; (d) vacation and sick time; (e) unduly and unnecessarily harsh discipline; (f) denial of bonuses; and (g) constructive discharge." Compl. ¶ 19. However, she fails to allege how Defendants disparately treated her in each context. She fails to point to specific examples of lost commission pay, denials of reimbursement, lost bonuses, or instances when Defendants disciplined her. Accordingly, Cummings fails to plead how the alleged disparate treatment amounts to an adverse employment action. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211–13 (3d Cir. 2009) (holding that to state a Title VII discrimination claim, a plaintiff must allege some facts to support allegations); *Robinson v. Am. Reading Co.*, No. 24-5608, 2025 WL 1243058, at *5 (E.D. Pa. Apr. 29, 2025) (dismissing a disparate treatment claim for failing to plead more than "general instances" that the plaintiff "was treated differently from her coworkers[.]").

For her second adverse employment action, Cummings pleads that she was constructively discharged. *See* Compl. ¶ 19; *see also Embrico v. U.S. Steel Corp.*, 245 F. App'x 184, 187 (3d Cir. 2007) (noting that constructive discharge is an adverse employment action). Her constructive discharge claim arises from the alleged disparate treatment. Cummings fails to allege any facts regarding such treatment. She pleads no facts from which this Court could infer that Defendants made her working conditions "so unpleasant or intolerable that a reasonable person in the employee's shoes would resign." *Rosh*, 2016 WL 7375014, at *5.

For her third adverse action, Cummings alleges that Defendants' employees mistreated her clients, contractors, associates, and affiliates, "in an effort to undermine and discriminate against [her.]" Compl. ¶ 21. She does not state who perpetrated the mistreatment, when the

mistreatment began, which clients and associates were the targets of said mistreatment, or how

Defendants' employees mistreated her clients and other associates. She also fails to allege how

the mistreatment of her clients and associates impacted *her*. Thus, her allegation that Defendants'

employees mistreated her clients, contractors, associates, and affiliates is insufficient to plead an

adverse employment action.

As to the fourth element of a discrimination case, Cummings alleges Defendants

discriminated against her "in relation to similarly situated male salespersons[.]" *Id.* ¶¶ 18, 20, 21.

Beyond the fact that such allegations are conclusory, and are therefore insufficient to state a

claim, *see Iqbal*, 556 U.S. at 678, she also pleads no facts as to who the "similarly situated" male

salespersons were or how Defendants treated them differently. *See Opsatnik v. Norfolk Southern*

*Corp.*, 335 F. App'x 220, 223 (3d Cir. 2009) ("Which factors are relevant is determined by the

context of each case, but often includes a showing that the [] employees dealt with the same

supervisor, were subject to the same standards, and had engaged in similar conduct without such

differentiating or mitigating circumstances as would distinguish their conduct or the employer's

treatment of them."). Here, Cummings does not identify any of Defendants' male salespersons,

much less describe how they received different treatment regarding commissions,

reimbursement, amenities, time off, discipline, and bonuses. Therefore, she fails to plead

causation.

Additionally, Cummings alleges in Count Three that Defendant J. Herbert Fisher, Jr.

"aided, abetted, coerced, compelled, and/or otherwise assisted in Defendants' discriminatory

conduct and thus he is responsible and liable for the conduct on an individual basis." Compl. ¶

52. Individual employees cannot be liable for disparate treatment discrimination under the

PHRA, except for claims brought for aiding and abetting the unlawful discriminatory practices of

the employer. *See Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 468 (E.D. Pa. 2014).

Beyond being conclusory and thus insufficient to state a claim, *see Iqbal*, 556 U.S. at 678,

Cummings does not allege how Fisher aided and abetted the discriminatory conduct. The Court

dismisses Cummings' aiding and abetting claim as to Fisher.

Cummings fails to plead facts to raise a "reasonable expectation that discovery will

reveal evidence of" discrimination. *Connelly*, 809 F.3d at 789. The Court dismisses her

discrimination claim in Counts One and Three.

### C.  Hostile Work Environment under Title VII

Cummings also fails to state a claim for hostile work environment in Counts One and

Three. Her allegations fail to allege sufficient facts to support two elements of a hostile work

environment claim: intentional discrimination and activity that was severe or pervasive.

First, Cummings alleges that Defendants' employees made discriminatory statements

regarding her gender, work habits, lifestyle, and conduct, which "had the intent or effect of

creating a hostile work environment." Compl. ¶ 20. Her allegation that the statements "had the

intent or effect of creating a hostile work environment," without factual support, is conclusory

and insufficient to state a claim. Compl. ¶¶ 20, 37; *see also Iqbal*, 556 U.S. at 678 (holding that

conclusory allegations are insufficient to state a claim); *Thomas v. Solera Senior Living LLC*,

No. 25-4944, 2025 WL 2901065, at *4 (E.D. Pa. Oct. 10, 2025) (pleading a "hostile work

environment" claim, without factual support, is insufficient). Additionally, her allegations of

discriminatory statements are conclusory and likewise insufficient to state a claim. *See Iqbal*,

556 U.S. at 678. Although she alleges that Defendants' employees made discriminatory

statements to her, she fails to plead the content of the statements or who said them. *See*

*Innovative Polymer Techs., LLC v. Innovation Works, Inc.*, No. 17-1385, 2018 WL 1701335, at

*12 (W.D. Pa. Apr. 6, 2018) (dismissing a Title VI claim for failing to plead the contents of allegedly discriminatory statements). Also, by pleading that Defendants' employees made the statements, she fails to plead the corporate Defendants' liability. *See Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 244 (E.D. Pa. Oct. 29, 2014) (finding that the employer is only liable if the employer "(1) failed to provide a reasonable avenue for the complaint, or (2) knew or should have known of the harassment and failed to take prompt and appropriate remedial action." (citing *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009)). Cummings fails to plead that her supervisors either failed to provide a reasonable avenue for her complaints or knew of the other employees' statements and failed to take remedial action.

Second, Cummings must plead facts to establish that the discriminatory statements were "severe or pervasive." *Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017). In examining alleged "severe or pervasive" discrimination, a court must consider the "'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Breeden*, 532 U.S. at 270–71 (citation omitted). Cummings pleads no facts regarding when or how often Defendants' employees made statements to her. *See Wesley v. PNC Bank*, No. 19-5052, 2020 WL 7319548, at *6 (E.D. Pa. Dec. 11, 2020) (dismissing a hostile work environment claim for failing to plead the dates or frequency of alleged racist comments). Furthermore, to the extent Cummings' hostile work environment claim is based upon retaliation, *see* Resp. 11, it fails for the reasons set forth in her retaliation claim. None of her allegations raise a "reasonable expectation" that discovery will reveal evidence of a hostile work environment. *Connelly*, 809 F.3d at 789. The Court dismisses her hostile work environment claim in Counts One and Three.

### D. Retaliation under Title VII

Cumming fails to allege sufficient facts to support all three elements of a retaliation claim: protected activity, adverse action, and causation.

First, Cummings alleges that she complained both verbally and in writing "of wrongful treatment and discriminatory treatment, including the disparate treatment between [Cummings] and similarly situated male salespersons." Compl. ¶¶ 22, 46. "In determining whether a specific complaint constitutes protected activity, courts consider the content of the complaint, rather than its form." *Zielinski v. Whitehall Manor, Inc.*, 899 F. Supp. 2d 344, 354 (E.D. Pa. 2012) (citing *Barber*, 68 F.3d at 702).[1] Yet, she does not state what she said or wrote in her complaints, or to whom she complained. Without pleading what she said in her complaints, it is unclear whether her internal complaints referred to conduct prohibited by Title VII. Thus, she fails to plead that she engaged in a protected activity.

Second, Cummings alleges that Defendants perpetrated an adverse action. *See* Compl. ¶¶ 22–24. She alleges that, following her complaints, "Defendants[' ] mistreatment became worse and more frequent." *Id.* ¶ 23. Furthermore, she alleges that Defendants "used and/or considered [her] complaint" to "make [her] work more difficult, harassing, refus[ed] to uphold agreements and contracts, and other wrongful treatment." *Id.* ¶ 47. An adverse action is any action that would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Davis v. City of Newark*, 285 F. App'x. 899, 904 (3d Cir. 2008) (citation omitted). Still, Cummings pleads no facts specifying an adverse action. Rather, her allegations are conclusory, which is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. She does not explain how

---

[1]    *Barber* is an Age Discrimination in Employment Act (ADEA) case, which follows the same framework as Title VII. *See* 68 F.3d at 701.

Defendants' denial of pay became worse, more frequent, more difficult, harassing, nor how Defendants refused to uphold agreements. She also does not plead *who* mistreated her clients and associates. To the extent that she alleges that Defendants' *employees* mistreated her, she does not specify that her *superior* took adverse actions against her. *See Alers v. City of Phila.*, 919 F. Supp. 2d 528, 547 (E.D. Pa. 2013) (finding "[a] defendant-employer is subject to *respondeat superior* liability to a victimized employee where the employee suffers a tangible material adverse employment action by superiors."). Thus, Cummings fails to plead an adverse action.

Third, Cummings must plead a causal connection between her internal complaints and her leaving her job. *See Salvato v. SEPTA*, 658 F. App'x 52, 56 (3d Cir. 2016). A plaintiff may "rely on a broad array of evidence" to plead causation, including "temporal proximity 'unusually suggestive of retaliatory motive,'" or "a pattern of antagonism," to infer causation. *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017) (citations omitted). However, she does not allege when she filed the complaints, nor when the mistreatment began, which does not provide any temporal proximity. *See Hammond v. City of Wilkes-Barre*, 628 F. App'x 806, 808 (3d Cir. 2015) (upholding the dismissal of a retaliation claim for failing to address the temporal proximity between a complaint and the alleged retaliatory conduct); *see also Onely v. Redner's Markets, Inc.*, 697 F. Supp. 3d 410, 426–27 (E.D. Pa. 2023) (same). She also fails to plead a pattern of antagonism because she does not allege which employees mistreated or harassed her clients or when the mistreatment occurred. Consequently, none of her allegations raise a "reasonable expectation" that discovery will reveal evidence of retaliation. *Connelly*, 809 F.3d at 789. The Court dismisses Cummings' retaliation claim in Counts Two and Three.

### E.  Dismissal without prejudice

This Court dismisses Counts One, Two, and Three without prejudice. "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "[I]n civil rights cases, district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). The Court cannot determine if amendment would be futile because the Complaint is so devoid of facts regarding discrimination, hostile work environment, or retaliation. The Court grants Cummings leave to amend her Complaint.

### F.  Supplemental jurisdiction over Counts Four and Five

Since this Court dismissed Cummings' federal claims, which are the basis of jurisdiction, without prejudice, this Court will not address Counts Four and Five. Cummings is advised, however, that if she is unable to state a federal cause of action, this Court will deny supplemental jurisdiction. Cummings is advised that if she files an amended complaint as to the federal claims, she should include any additional factual allegations to support her state law claims because she will not be given further leave to amend these claims in the above-captioned action.

## V.    CONCLUSION

Upon review of the Complaint and the Motion to Dismiss, this Court finds that Cummings fails to plead facts sufficient to state a federal cause of action for discrimination, hostile work environment, and retaliation. The Court grants Defendants' Motion to Dismiss Counts One, Two, and Three of the Complaint without prejudice.

A separate order follows.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge